UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

STANLEIGH RUSS,

    Petitioner,

v.                                       Case No. 5:22cv202-TKW-HTC

RICKY D. DIXON,

    Respondent.

_____/

REPORT AND RECOMMENDATION

Petitioner, Stanleigh Russ, proceeding *pro se*, initiated this matter by filing a petition under 28 U.S.C. § 2241, ECF Doc. 1. The Court has screened the petition under Rule 4 of the Rules Governing § 2254 Cases, and it does not appear Petitioner has stated a claim under § 2241. Therefore, the undersigned recommends the action be DISMISSED pursuant to Rule 4.

Russ is serving a life sentence based on a conviction in the West Palm Beach Circuit Court. He is currently housed at Apalachee Correctional Institution and, in this petition, seeks to challenge a June 28, 2022, disciplinary report ("DR") he received for possessing a green leafy substance identified by a guard as a synthetic cannabinoid. He was given 60 days disciplinary confinement with a credit for 10

days in administrative confinement. Since Russ is serving a life sentence, he did not lose gain time (as he is not eligible for any). *See McKire v. Sec'y, DOC*, 2013 WL 1410367, at *4 (M.D. Fla. April 8, 2013) ("under Florida law an inmate serving a life sentence is not eligible to earn gain time, or incentive gain time") (citing Fla. Admin. Code, 33-603.402(1)(a)(5); Fla. Stat. § 944.275). Russ alleges he did not receive due process because prison officials did not follow FDOC regulations and have the substance tested in a laboratory. The guard merely determined it to be synthetic cannabis on his own. Russ seeks to have the disciplinary finding "overturn[ed]" and "expunged." ECF Doc. 1 at 7.

As an initial matter, the petition is MOOT because it was not filed until September 9, 2022, *after* Russ's period of confinement had been completed. In other words, while "it is proper for a district court to treat a petition for release from administrative segregation as a petition for a writ of habeas corpus," where "a prisoner has completed an imposed term of administrative segregation before he files his petition," the Eleventh Circuit has held the "petition [is] moot when filed and cannot be revived by collateral consequences." *Medberry v. Crosby,* 351 F.3d 1049, 1053 (11th Cir. 2003).

Also, Russ states in the petition there are only two steps for appealing a DR. However, before filing a federal habeas petition, Russ must not only exhaust his administrative procedures, but he must also have exhausted his state remedies. An

applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. § 2254(b), (c). In Florida, if a prisoner seeks to challenge a disciplinary sanction imposed by the Department of Corrections, he must file a state petition for habeas corpus or mandamus relief to the appropriate trial court, and, if unsuccessful, the prisoner then must file a petition for certiorari review to the appropriate state appellate court. *See Hartley v. McNeil*, 2008 WL 3200213, at *3 (S.D. Fla. Aug. 6, 2008), *aff'd sub nom. Hartley v. Warden of Fla. State Prison,* 352 F. App'x 368 (11th Cir. 2009) (citing state cases); *see also, Stephenson v. Sec'y, Dept. of Corr.*, 2013 WL 6621125, at *7 (M.D. Fla. Dec. 16, 2013) (dismissing habeas claim based on loss of gain time in DR for failure to exhaust). Based on the face of the petition, Russ has not exhausted his state remedies; failure to exhaust is another ground for dismissal.

Finally, because Russ did not lose any gain time, Russ's due process claim is not one that is cognizable as a habeas action. Only claims challenging the validity of a prisoner's continued incarceration, including the fact or length of the custody, are within the "heart of habeas corpus" and are cognizable in federal habeas corpus. *Preiser v. Rodriguez,* 411 U.S. 475, 498–99 (1973). Instead, a due process claim arising out of the conditions of confinement is one that should be brought under 42 U.S.C. § 1983. *See McKire v. Sec'y, DOC*, 2013 WL 1410367, at *5 (M.D. Fla. Apr. 8, 2013) (discussing difference between a habeas claim and a 1983 action); *see also,*

*Humphries v. Rivera*, No. 4:05CV466-RH/WCS, 2007 WL 1228512, at *1 (N.D. Fla. Apr. 24, 2007) ("Any other claims, such as expunging the disciplinary report or having a notation made in the record of the investigating officer, are not cognizable in habeas corpus.").

*Regardless*, a denial of procedural due process requires proof of three elements: (1) a deprivation of a constitutionally protected liberty or property interest; (2) state action; and (3) constitutionally inadequate process. *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Although a prisoner may have due process rights at a disciplinary hearing, *Wolff v. McDonnell*, 418 U.S. 539, 560–65 (1974), the prisoner must first prove has was deprived of a liberty interest. A prisoner is deprived of a liberty interest only (1) "when a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court," or (2) "when the state has consistently bestowed a certain benefit to prisoners ... and the deprivation of that benefit 'imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Kirby v. Siegelman*, 195 F.3d 1285, 1290–91 (11th Cir. 1999) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). In short, "[w]ithout either the loss of gain-time credits or atypical confinement, the Due Process Clause itself affords no protected liberty interest that invokes procedural protections." *Walker v. Fla. Dep't of Corr.*, No. 5:15-cv-25-MW-EMT, 2016 WL 1426011, at *3 (N.D. Fla. Mar. 18, 2016), *report and*

*recommendation adopted*, 2016 WL 1436672, at *1 (Apr. 10, 2016) (citing *Sandin*, 515 U.S. at 487).

Several courts, however, have held that disciplinary confinement of 60 days is not atypical. *See e.g., Rodgers v. Singletary*, 142 F.3d 1252, 1253 (11th Cir. 1998) (holding a prisoner who remained in administrative confinement pending the resolution of criminal charges and a supposedly false disciplinary report for two months was not deprived of a constitutionally protected liberty interest); *Robinson v. Gielow*, No. 3:14-cv-223-LAC-EMT, 2015 WL 1485020, at *3 (N.D. Fla. Mar. 31, 2015) ("Plaintiff's placement in confinement and loss of privileges for a period of [60] days did not impose an atypical and significant hardship on him in relation to the ordinary incidents of his prison life."); *Perez v. Humphries*, No. 1:11-cv-180-MP-GRJ, 2011 WL 6960817, at *3 (N.D. Fla. Dec. 6, 2011), *report and recommendation adopted*, 2012 WL 32566, at *1 (Jan. 6, 2012) ("Plaintiff's placement in disciplinary confinement for 60 days is not sufficient to trigger constitutional due process protections.").

Russ has not stated a claim cognizable under § 2241.

Accordingly, it is RECOMMENDED, that

1. This action be DISMISSED pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Case No. 5:22cv202-TKW-HTC

2. The clerk of court be directed to close the file.

At Pensacola, Florida, this 27th day of October, 2022.

*s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1.