UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**STANLEIGH RUSS,**

    **Petitioner,**

v.                                        Case No. 5:22cv202-TKW-HTC

**RICKY DIXON,**

    **Defendant.**

_____/

## ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 5) and Petitioner's objection (Doc. 6). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that Petitioner has not stated a plausible claim for habeas relief.

The Court did not overlook the cases cited by Petitioner for the proposition that a §2241 habeas petition can be used to seek expungement of a disciplinary report if expungement is likely to accelerate the prisoner's eligibility for parole. Doc. 6 at 2 (citing *Bostic v. Calrson*, 884 F.2d 1267, 1269 (9th Cir. 1989), and *McCollum v. Miller*, 695 F. 2d 1044, 1047 (7th Cir. 1982)). However, putting aside the fact that those out-of-Circuit cases are not binding on this Court and one of them (*Bostic*) was

subsequently overruled, *see Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (en banc), those cases do not help Petitioner because he is ineligible for parole or any other form of early release since the Department of Corrections' website indicates that he is serving a life sentence for an offense committed in 2012—long after Florida abolished parole.

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. This case is **DISMISSED** pursuant to Rule 4 of the Rules Governing §2254 Cases.

3. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 21st day of November, 2022.

_____
**T. KENT WETHERELL, II**
**UNITED STATES DISTRICT JUDGE**